■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VALENTINE, Appellant. [776 NYS2d 248]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), rendered March 8, 2002, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant "has failed to meet his burden of coming forward with substantial evidence establishing his absence" (*People v Foster*, 1 NY3d 44, 48 [2003]) from part of his *Sandoval* hearing. While defendant asserts that he was not produced in court until after a colloquy between the court and counsel had already turned to the *Sandoval* issue, the court reporter's notations relied upon by defendant fail to establish that claim, when those notations are read in the context of the entire conference record and the reasonable inferences that may be drawn therefrom. "Reconstruction hearings should not be routinely ordered where, as here, the record is simply insufficient to establish facts necessary to meet the defendant's burden of showing that he was absent from a material stage of the trial" (*People v Foster*, 1 NY3d at 49).

The court properly admitted a calculator and $205, including $95 in single dollar bills, recovered from defendant, since this evidence was relevant to the central issue of the case, which was whether defendant was acting in concert with the other persons with whom he was arrested (*cf. People v Bowen*, 203 AD2d 204 [1994], *lv denied* 83 NY2d 964 [1994]; *see also People v Carter*, 77 NY2d 95, 107 [1990], *cert denied* 499 US 967 [1991]). The evidence in question tended to prove that defendant was a participant in a drug-selling operation with his companions, which included the two charged sales.

We have considered and rejected defendant's remaining contentions. Concur—Mazzarelli, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.