◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHAD ROSS, Appellant. [842 NYS2d 652]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered July 15, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) and assault in the second degree (§ 120.05 [2]). The sole contention of defendant on appeal is that he was denied a fair trial because, following a *Molineux/Ventimiglia* hearing, Supreme Court determined that a witness would be permitted to testify that she recognized defendant because she had confronted him approximately one year earlier, when he was selling drugs in front of her house. Because the testimony

was probative of a "legally relevant and material issue before the [jury]" (*People v Alvino*, 71 NY2d 233, 242 [1987]), i.e., the identity of the person who shot the two victims, we conclude that the evidence falls within a recognized exception to the rule prohibiting the admission of evidence of prior crimes (*see generally People v Resek*, 3 NY3d 385, 390 [2004]). We further conclude that the court did not abuse its discretion in determining that the probative value of the evidence outweighed its prejudicial effect (*see generally People v Patterson*, 13 AD3d 1138, 1139-1140 [2004], *lv denied* 4 NY3d 801 [2005]). We note in any event that the court minimized the prejudicial effect of the testimony by instructing the jury that the testimony was to be considered only with respect to how the witness was able to recognize defendant and was not to be considered as evidence of a propensity to commit the crimes charged (*see generally People v Garcia*, 33 AD3d 1050, 1051, *lv denied* 9 NY3d 844 [2007]). Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.