■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FARMER, Appellant. [866 NYS2d 200]—

Appeals by the defendant from two judgments of the Supreme Court, Kings County (Brennan, J.), both rendered February 23, 2004, convicting him of criminal contempt in the first degree (13 counts) under indictment No. 3190/02, and criminal contempt in the first degree (5 counts) under indictment No. 804/03, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The Supreme Court providently exercised its discretion in permitting the People to elicit evidence of the defendant's prior bad acts involving the complainant. The evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the complainant, to explain the issuance of an order of protection against the defendant, to establish the defendant's motive in the commission of the crimes, and to establish the complainant's state of mind (*see People v Marji,* 43 AD3d 961 [2007]; *People v Melendez,* 8 AD3d 680, 681 [2004]; *People v Lawrence,* 297 AD2d 290, 291 [2002]; *People v Howe,* 292 AD2d 542 [2002]; *see generally People v Ventimiglia,* 52 NY2d 350 [1981]; *People v Molineux,* 168 NY 264 [1901]). The defendant's contention that he was deprived of his right to a fair trial because the trial court failed to issue a limiting instruction with regard to the limited purpose for which this evidence was introduced is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]; *People v Olibencia,* 45 AD3d 607, 609 [2007]).

Contrary to the defendant's contention, he received meaningful representation (*see People v Orcutt,* 49 AD3d 1082 [2008], *lv denied* 10 NY3d 938 [2008]; *see also People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.