■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MENDEZ, Appellant. [892 NYS2d 905]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered May 11, 2007, convicting him of criminal contempt in the first degree (two counts), criminal contempt in the second degree (three counts), and aggravated harassment in the second degree (six counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

Evidence of uncharged crimes may properly be admitted "as relevant background material to enable the jury to understand the defendant's relationship with the complainant and explain the issuance of an order of protection, and as evidence of the defendant's motive and intent in the commission of the charged crimes" (*People v Laverpool*, 52 AD3d 622, 622 [2008]; *see People v Molineux*, 168 NY 264, 297-305 [1901]; *People v Timmons*, 54 AD3d 883, 885 [2008]; *People v Farmer*, 54 AD3d 871, 872 [2008]; *People v Howe*, 292 AD2d 542, 542 [2002]).

Here, the evidence adduced at trial fit into these recognized exceptions to the *Molineux* rule (*see People v Molineux*, 168 NY 264 [1901]; *People v Sayers*, 64 AD3d 728 [2009]). "In such cases, the court may admit the evidence in its discretion if its probative value outweighs the potential for prejudice, provided that the court gives a proper limiting instruction to the jury" (*People v Wright*, 288 AD2d 409, 410 [2001]; *see People v Satiro*, 72 NY2d 821, 822 [1988]; *People v Phipps*, 50 AD3d 929, 930 [2008]; *cf. People v Wilkinson*, 71 AD3d 249 [2010]).

However, the Supreme Court erred in failing to give proper limiting instructions (*see People v Sayers*, 64 AD3d 728 [2009]; *cf. People v Ross*, 43 AD3d 1434, 1435 [2007]; *People v Brown*, 249 AD2d 556, 557 [1998]). Moreover, it cannot be said that there was no significant probability that the erroneous instructions contributed to the defendant's conviction (*see People v*

*Crimmins*, 36 NY2d 230, 241-242 [1975]). Accordingly, a new trial is required. Rivera, J.P., Eng, Chambers and Hall, JJ., concur. **[Prior Case History: 15 Misc 3d 1134(A), 2007 NY Slip Op 50975(U).]**