■ The People of the State of New York, Respondent, v Frederick E. Walker, Appellant. [912 NYS2d 366]—

Appeal from a judgment of the Supreme Court, Monroe

County (Stephen R. Sirkin, A.J.), rendered January 14, 2000. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts), assault in the first degree (two counts), grand larceny in the fourth degree (two counts), robbery in the second degree, and attempted robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is affirmed.

Memorandum: On a prior appeal, we affirmed the judgment convicting defendant of, inter alia, robbery in the first degree (Penal Law § 160.15 [1], [3]; *People v Walker*, 292 AD2d 791 [2002], *lv denied* 98 NY2d 656 [2002]). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., that defendant was denied his right to be present at his *Sandoval* hearing (*People v Walker*, 50 AD3d 1629 [2008]; *see People v Dokes*, 79 NY2d 656, 660-662 [1992]), and we vacated our prior order. We now consider the appeal de novo.

Contrary to the contention of defendant, we conclude that he failed to satisfy his burden of coming forward with substantial evidence establishing his absence from the *Sandoval* hearing (*see People v Foster*, 1 NY3d 44, 48 [2003]; *People v Carter*, 44 AD3d 677, 678 [2007], *lv denied* 9 NY3d 1031 [2008]; *People v Valentine*, 7 AD3d 275 [2004], *lv denied* 3 NY3d 682 [2004]). The court reporter's failure to document defendant's presence or lack thereof is insufficient to satisfy defendant's burden of rebutting the presumption of regularity that attaches to judicial proceedings (*see Foster*, 1 NY3d at 48; *see also People v Andrew*, 1 NY3d 546 [2003]). We note that Supreme Court addressed defendant following its *Sandoval* determination, thereby establishing defendant's presence in the courtroom for at least a portion of the proceedings, and the record establishes the presence of defendant during the later proceedings on his motion to modify the court's *Sandoval* ruling. We further conclude that a reconstruction hearing is unnecessary. "Reconstruction hearings should not be routinely ordered where, as here, the record is simply insufficient to establish facts necessary to meet the defendant's burden of showing that he [or she] was absent from a material stage of the trial" (*Foster*, 1 NY3d at 49; *see Valentine*, 7 AD3d 275).

All concur except Lindley, J., who votes to reverse in accordance with the following memorandum.

Lindley, J. (dissenting). I respectfully dissent. As noted by the majority, we previously granted defendant's motion for a writ of

error coram nobis on the ground that defendant's appellate counsel failed to raise a possibly meritorious issue, i.e., whether defendant was denied the right to be present during the *Sandoval* hearing (*People v Walker*, 50 AD3d 1629 [2008]). In my view, reversal is required upon our de novo review of defendant's appeal.

It is unclear from the trial transcript whether defendant was present in the courtroom when the *Sandoval* hearing commenced, or during any portion thereof. At the outset of the proceedings that day, defense counsel stated that she had "just went back to see [defendant]" and that defendant was not dressed for trial because the jail personnel had lost his trial clothing. After a brief discussion with respect to obtaining other clothing for defendant, Supreme Court stated, "I didn't come here today to spend my day waiting for clothes. Trust me. Any *Sandoval*?" The *Sandoval* hearing then commenced. Following argument from defense counsel both for the codefendant and defendant, the court ruled from the bench that the prosecutor would be permitted to question defendant concerning two misdemeanor convictions, for menacing and petit larceny, but not concerning his three felony convictions, which the court deemed to be too remote. The record reflects that, shortly after rendering its decision, the court addressed both defendant and the codefendant on the record with respect to their right to be present for sidebar discussions during voir dire. Thus, although it is clear that defendant was present in the courtroom at some point on the day of the *Sandoval* hearing, it is not possible to ascertain from the trial transcript whether defendant was present for the *Sandoval* hearing, or whether he entered the courtroom following the hearing.

As the majority correctly notes, a "presumption of regularity attaches to judicial proceedings [that] may be overcome only by substantial evidence" (*People v Foster*, 1 NY3d 44, 48 [2003] [citation omitted]), and I agree with the majority that "the court reporter's failure to document defendant's presence or lack thereof is insufficient to satisfy defendant's burden of rebutting the presumption of regularity that attaches to judicial proceedings . . . ." Here, however, the transcript indicates that defendant was not present when the court decided to proceed with the *Sandoval* hearing in his absence, and there is "significant ambiguity in the record" whether defendant entered the courtroom before the hearing commenced (*id.* at 49). Thus, because the record is ambiguous on the issue whether defendant was present for the *Sandoval* hearing, and because the *Sandoval* ruling was "not wholly favorable" to defendant (*People*

*v Favor*, 82 NY2d 254, 267 [1993], *rearg denied* 83 NY2d 801 [1994]), in my view we should hold the case, reserve decision, and remit the matter to Supreme Court for a reconstruction hearing (*see People v Michalek*, 82 NY2d 906, 907 [1993]). At the reconstruction hearing, defendant would have the burden of overcoming the presumption of regularity by substantial evidence (*see People v Cruz*, 14 NY3d 814, 816 [2010]).

I cannot agree with the People's alternative contention that, even if defendant was absent during the *Sandoval* hearing, reversal is not required because he was present when the court revisited the issue after the People rested and the court then modified its prior *Sandoval* ruling. The modification of the *Sandoval* ruling occurred during an off-the-record conference at which defendant was present, when defense counsel asked the court to reconsider its *Sandoval* ruling with respect to the menacing conviction. At the conclusion of the conference, the court only slightly modified its ruling by precluding the prosecutor from questioning defendant concerning the underlying facts of that conviction. There is no indication in the record before us that defense counsel also asked the court to revisit its ruling with respect to the petit larceny conviction or that the court in fact did so, and thus it cannot be said that the court conducted a de novo *Sandoval* hearing in defendant's presence. Upon remittal, in the event that the court determines at the reconstruction hearing that defendant was not present for the initial *Sandoval* hearing, the court should determine whether there was any discussion of the petit larceny conviction when the court reconsidered its initial *Sandoval* ruling. Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.