# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**397**

**KA 09-00595**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                            MEMORANDUM AND ORDER

RALPH P. FERENCHAK, DEFENDANT-APPELLANT.

---

REBECCA A. CRANCE, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered November 15, 2007.  The judgment convicted defendant, upon a nonjury verdict, of criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the misdemeanor information is dismissed and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.

Memorandum:  Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal contempt in the second degree (Penal Law § 215.50 [3]), arising from his violation of an order of protection.  We agree with defendant that the misdemeanor information upon which he was prosecuted was jurisdictionally defective because it did not contain allegations that, if true, established his knowledge of the order of protection (*see generally* CPL 100.15 [3]; 100.40 [1] [c]; *People v Kalin*, 12 NY3d 225, 228-229; *cf. People v Inserra*, 4 NY3d 30, 32-33).  "It is a fundamental and nonwaivable jurisdictional prerequisite that an information state the crime with which the defendant is charged and the particular facts constituting that crime . . . In order for an information to be sufficient on its face, every element of the offense charged and the defendant's commission thereof must be alleged" (*People v Hall*, 48 NY2d 927, 927, *rearg denied* 49 NY2d 918).  Here, the factual portion of the misdemeanor information alleges that defendant violated an order of protection issued on a particular date and recites the circumstances underlying that violation, but it does not allege that defendant was served with the order of protection, that he was present in court when it was issued or that he signed the order of protection (*cf. Inserra*, 4 NY3d at 32-33; *People v Casey*, 95 NY2d 354, 360; *People v Harris*, 72 AD3d 1492, 1493, *lv denied* 15 NY3d 774).  The complainant's supporting deposition does not reference the order of protection.  Although a copy of the

order of protection was attached to the misdemeanor information, the order of protection states that it was issued on an ex parte basis, and there is no indication on the face thereof that it was served upon defendant.

We therefore reverse the judgment, dismiss the misdemeanor information and remit the matter to County Court for proceedings pursuant to CPL 470.45.  In light of our determination, we need not address defendant's remaining contentions.

Entered:  March 25, 2011                        Patricia L. Morgan
                                                Clerk of the Court