(October 21, 2011)

In the Matter of PETER J. GUIDARELLI et al., Appellants, v ARTHUR BRASSARD et al., as Commissioners of the Schenectady County Board of Elections, et al., Respondents, and JACQUIE HURD et al., Appellants, et al., Respondents. [931 NYS2d 428]—

Per Curiam.

Petitioner Peter J. Guidarelli submitted petitions to respondent Schenectady County Board of Elections naming him as a

candidate for the office of member of the Schenectady County Legislature, District 1, representing both the Republican Party and the Conservative Party,* as well as an independent body known as the Alliance Party, in the November 8, 2011 general election. Similarly, petitioner Richard Patierne submitted petitions to the Board naming him as a candidate for that same office representing both the Republican Party and the Independence Party, as well as the Alliance Party. Petitioner Phillip Tiberio submitted petitions to the Board naming him as a candidate for the office of member of the Schenectady City Council representing both the Republican Party and the Conservative Party, as well as the Alliance Party. Thereafter, the Board produced a sample ballot for proposed use in the general election that, rather than listing petitioners on the line for the Alliance Party, listed them on the two party lines for which they had filed, with the words "The Alliance Party" above their names on the Republican line on the ballot. Petitioners thereafter commenced this proceeding seeking to compel the Board to place their names on the Alliance Party line. Supreme Court dismissed the petition and petitioners and certain respondent candidates (hereinafter collectively referred to as petitioners) now appeal.

We affirm. The gravamen of petitioners' claim as set forth in their brief is that Election Law §§ 7-104 and 7-106 operate with mutual exclusivity such that the former governs only "ballots to be used on [traditional] voting machines," while the latter governs "paper ballots which are to be counted by a ballot scanner," which is the type of voting machine used by voters in Schenectady County. Our task is to determine the legislative intent by considering the Election Law as a whole and, where possible, harmonizing the parts of the statute with each other (*see Matter of Lewis Family Farm, Inc. v New York State Adirondack Park Agency*, 64 AD3d 1009, 1013-1014 [2009]; *Matter of Kittredge v Planning Bd. of Town of Liberty*, 57 AD3d 1336, 1339 [2008]).

Petitioners first argue that the interpretation they urge is consistent with the fact that the title of Election Law § 7-104 is "Ballots; form of, voting machine." However, this fact alone cannot be dispositive inasmuch as the optical scanning machines at issue are voting machines (*see* Election Law § 7-202 [4]).

Petitioners further urge that certain provisions in the two statutes appear to be overlapping or redundant, evincing the Legislature's intent that the two be construed to state separate

---

* A party is an entity whose candidate received at least 50,000 votes in the previous gubernatorial election.

requirements for different types of ballot. Election Law § 7-104 contains many provisions that appear essential to the construction of the ballot regardless of the type of machine with which the ballot is to be used, and those provisions do not appear in Election Law § 7-106. For example, Election Law § 7-104 requires that the party name or other designation and a designating letter and number be affixed to each candidate's name; provides that the titles of offices may be arranged horizontally or vertically on the ballot; provides a limit on the number of lines on which certain candidates may appear; requires that a closed fist with an index finger extended pointing to the party or independent body row or column be printed on the ballot; and requires that candidates for the offices of governor and lieutenant governor appear in the same row or column. While Election Law § 7-106 was amended in 2010 to make specific reference to paper ballots that are to be counted by a ballot scanner, and includes specifications particular to ballots that are to be printed rather than appear on the face of a voting machine, we do not read these requirements to be inconsistent with or abrogate the ballot requirements set forth in Election Law § 7-104 (*see* L 2010, ch 165, § 1, as amended; *see generally Matter of Castelli v NRG*, 85 AD3d 1414, 1416 [2011]; *Mohawk Val. Ski Club v Town of Duanesburg*, 304 AD2d 881, 884 [2003]).

Finally, to the extent that petitioners challenge the constitutionality of Election Law § 7-104 as applied to them, that challenge is not properly before us inasmuch as there is no indication in the record that the Attorney General was given the requisite notice (*see* CPLR 1012 [b] [1]; Executive Law § 71 [1]; *People v Woodard*, 83 AD3d 1440, 1442 [2011], *lv denied* 17 NY3d 803 [2011]; *People v Davis*, 68 AD3d 1653, 1654 [2009], *lv denied* 14 NY3d 839 [2010]). On this record, therefore, we are constrained to affirm Supreme Court's order.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.