The People of the State of New York, Respondent, 
against
Duncan F. Bruce-Ross, Appellant.




Glenn Gucciardo, for appellant.
Suffolk County District Attorney (Grazia DiVincenzo of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Toni A. Bean, J.), rendered May 14, 2013. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the second degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was originally charged, in a felony complaint, with criminal contempt in the first degree (Penal Law § 215.51) and criminal mischief in the third degree (Penal Law § 145.05 [2]), based on a violation of a Family Court domestic violence order of protection that had been issued on behalf of defendant's companion and mother of their infant child, and the vandalizing of the companion's automobile. The felonies were reduced to the misdemeanors of criminal contempt in the second degree (Penal Law § 215.50) and criminal mischief in the fourth degree (Penal Law § 145.00 [1]), and the People added a second charge of criminal contempt in the second degree, based on a violation of a different order of protection, and a charge of endangering the welfare of a child (Penal Law § 260.10). The charges were consolidated for trial. After a jury trial, defendant was convicted of one charge of criminal contempt in the second degree and acquitted of the remaining charges. Defendant appeals and we affirm.
The information alleging the offense of which defendant was convicted was facially sufficient inasmuch as the attached certified copy of the relevant order of protection established that defendant had been present when the order had been issued and had been informed of the prohibited behavior (see e.g. People v Pierre-Louis, 53 Misc 3d 130[A], 2016 NY Slip Op 51370[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Labagh, 40 Misc 3d 54, 57 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Caruso, 39 Misc 3d 137[A], 2012 NY Slip Op 52461[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see also People v Ferenchak, 82 AD3d 1692, 1693 [2011]; cf. People v Bulgin, 105 AD3d 551 [2013]). Defendant's claim that the expression "acts or threats of domestic violence" in New York Social Services Law article 6-A (see Social Services Law § 459-a [1]) is unconstitutionally vague on its face was not raised at the trial and is not preserved for appellate review (see CPL 470.05 [2]; see e.g. People v Reyes, 4 AD3d 541, 541 [2004]; People v Iannelli, 69 NY2d 684, 685 [1986]). [*2]Further, there is no indication that defendant has notified the Attorney General of his constitutional claim (see Executive Law § 71 [1]; CPLR 1012 [b] [1]), which failure generally precludes an appellate court from passing on the merits of the claim (see Executive Law § 71 [3]; CPLR 1012 [b] [3]; e.g. Matter of Guidarelli v Brassard, 88 AD3d 1147, 1149 [2011]; People v McKeehan, 2 AD3d 1421, 1422 [2003]; Jefferds v Ellis, 122 AD2d 595, 596 [1986]).
Defendant's claim that he was not present, as required (see CPL 170.10 [1]), when his counsel entered not guilty pleas on his behalf, is also without merit. "A presumption of regularity attaches to judicial proceedings" which may be overcome "only by substantial evidence." That standard is not satisfied merely by a stenographer's failure to record a defendant's presence (People v Velasquez, 1 NY3d 44, 48 [2003]; see also People v Hall, 156 AD3d 1475 [2017]; People v Walker, 78 AD3d 1671, 1672 [2010]; People v Yusuf, 47 Misc 3d 138[A], 2015 NY Slip Op 50583[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Even were it the case that defendant was never properly arraigned, the error is not fundamental, and "inasmuch as defendant appeared in court with his attorney and submitted to the court's jurisdiction, consented to the assignment of a trial date and . . . proceeded to trial fully aware of the charge asserted against him," defendant suffered no prejudice by the procedure followed (People v Hallenbeck, 81 AD3d 1077, 1078-1079 [2011]; see also People v Brigandi, 57 Misc 3d 5, 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Repanti, 40 Misc 3d 131[A], 2013 NY Slip Op 51132[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013], affd 24 NY3d 706 [2015]).
We also find no error in the trial court's Molineaux ruling which allowed the People, on their direct case, to submit evidence of four of sixteen alleged incidents of defendant's uncharged crimes or other bad acts involving his companion. While such evidence is inadmissible where the only purpose or likely consequence is "to show a defendant's bad character or propensity towards crimes" (People v Morris, 21 NY3d 588, 594 [2013]), it is admissible if it is "logically . . . connected to some specific material issue in the case" (People v Cass, 18 NY3d 553, 559 [2012]; see also People v Resek, 3 NY3d 385, 390 [2004]) and its probative value overcomes the inherent prejudice (see People v Allweiss, 48 NY2d 40, 47 [1979]). The determination of whether the probative value of the proposed proof overcomes the inherent prejudice is a "case-specific, discretionary exercise" which remains within the province of the trial court, whose determination "may not be disturbed simply because a contrary determination could have been made or would have been reasonable. Rather, it must constitute an abuse of discretion" (People v Morris, 21 NY3d at 597).
Here, the court precluded reference to numerous episodes of defendant's prior misconduct (cf. People v Sayers, 64 AD3d 728, 732 [2009]), limiting the People to four bad acts which had occurred within a time period proximate to the date of the crime charged (see e.g. People v Leeson, 12 NY3d 823, 827 [2009]; People v Delancey, 94 AD3d 1015, 1016 [2012]). The proof provided " 'background information on the nature of the relationship' between defendant and the victim, and 'placed the charged conduct in context' " (People v Leeson, 12 NY3d at 827, quoting People v Dorm, 12 NY3d 16, 19 [2009]; see also People v Resek,3 NY3d at 389; People v Nanand, 137 AD3d 945, 947 [2016]; People v Charles, 121 AD3d 802, 803 [2014]). The proof also bore upon defendant's intent and motive (see People v Alvino, 71 NY2d 233, 242 [1987]), and clarified the sequence of events leading to the offense charged (see People v Ludwig, 24 [*3]NY3d 221, 231 [2014]; People v Till, 87 NY2d 835, 837 [1995]). The utility of such evidence with respect to order of protection violations, particularly those involving domestic violence, has repeatedly been affirmed (see e.g. People v Morillo, 104 AD3d 792, 794 [2013]; People v Reddick, 104 AD3d 708, 708 [2013]; People v Mendez, 70 AD3d 861, 861 [2010]; People v Laverpool,52 AD3d 622, 622 [2008]). Thus, it cannot be said that the trial court's Molineaux ruling represented an improvident exercise of discretion (People v Morris, 21 NY3d at 597). Finally, while the trial court did not issue a limiting instruction as to the use of such evidence, the defense did not request such an instruction and did not object when none was given, thereby rendering a claim based on that failure unpreserved for appellate review (see CPLR 470.05 [2]; e.g. People v Williams, 50 NY2d 996, 998 [1980]; People v Rivera, 116 AD3d 986, 987 [2014]; People v Torres, 96 AD3d 881, 881-882 [2012]). Although the absence of limiting instructions may, in some circumstances, require a finding that there was a significant probability that the omission contributed to the defendant's conviction (see e.g. People v Mendez, 70 AD3d at 861-862, citing People v Crimmins, 36 NY2d 230, 241-242 [1975]), we do not find that the absence of such an instruction in this case is so significant as to require reversal in the interest of justice.
We also find, upon a review of the record in its totality (see People v Wragg, 26 NY3d 403, 413 [2015]), that defendant was not denied the effective assistance of counsel (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]). Throughout the trial, counsel exhibited familiarity with the record, including the victim's prior statements, both in court proceedings and her correspondence with defendant, which counsel employed effectively in a lengthy cross-examination. Counsel advocated aggressively for defendant's interests in the pretrial hearings and, in jury selection, and in consistent opening and closing statements, counsel articulated "a reasonable and legitimate strategy" (People v Benevento, 91 NY2d at 712-713). It is the rare representation that is not vulnerable to legitimate tactical disagreements with the benefit of hindsight, and we find that defendant has not met his burden (see People v Barboni, 21 NY3d 393, 406 [2013]) of demonstrating "the absence of strategic or other legitimate explanations" (People v Rivera, 71 NY3d 705, 709 [1988]) for errors "so egregious and prejudicial" (People v Turner, 5 NY3d 476, 480 [2005]) as to have deprived him of the effective assistance of counsel.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great deference to the opportunity of the jury to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Adilovic, 34 Misc 3d 159[A], 2012 NY Slip Op 50437[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). We must weigh "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d at 495 [internal quotation marks omitted]), and determine whether an acquittal would not have been unreasonable based upon the evidence, and whether the jury failed to accord the evidence the weight it should have been accorded (id.; see People v Danielson, 9 NY3d at 348; People v Engle, 49 Misc 3d 131[A], 2015 NY Slip Op 51432[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Defendant argues that the conviction was against the weight of the evidence because the [*4]conduct proved did not establish that an act or threat of domestic violence occurred on July 22, 2009, and, even if the victim's testimony, if credited, sufficed legally to establish the offense, the victim was so inherently unreliable a witness that her testimony cannot be afforded sufficient weight to support the conviction. While a claim that a conviction is against the weight of the evidence may be based on an argument that a witness's testimony as to the necessary material facts is "incredible as a matter of law . . . and . . . [should] be 'totally disregarded as being without evidentiary value' " (People v Wright, 155 AD3d 1452, 1453 [2017], quoting People v Hollman, 12 AD3d 773, 775 [2005]), here, while certain details of the victim's testimony as to the events of July 22, 2009 were impeached by prior inconsistent statements, it cannot be said that her testimony, as to the material matters necessary to support the conviction, was so " 'manifestly untrue, physically impossible, contrary to experience or self-contradictory' as to render it incredible as a matter of law" (People v Scire, 57 Misc 3d 157[A], 2017 NY Slip Op 51661[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017], quoting People v Barnes, 129 AD3d 981, 982 [2015]). Further, certain details of the victim's testimony were corroborated by the investigating officer.
We have considered defendant's remaining arguments and find them either unpreserved (see People v Bryan, 55 AD3d 921, 921 [2008]; People v Dick, 48 AD3d 697 [2008]; People v Bradford, 137 AD3d 928, 929 [2016]; People v Ramos, 127 AD3d 996, 997 [2015]), or without merit (People v Santiago, 22 NY3d 740, 750 [2014]; People v Halm, 81 NY2d 819, 821 [1993]; People v Ashwal, 39 NY2d 105, 109 [1976]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 10, 2018