People v Karantinidis (2021 NY Slip Op 51245(U))

[*1]

People v Karantinidis (Michael)

2021 NY Slip Op 51245(U) [73 Misc 3d 145(A)]

Decided on December 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2017-1687 Q CR

The People of the State of New York,
Respondent,
against
Michael Karantinidis, Appellant. 

Murray, Mancilla & Fantone, LLP (Joseph W. Murray of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick
Talcott and Ayelet Sela of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Ernest F. Hart, J.), rendered May 11, 2017. The judgment convicted defendant, after a nonjury
trial, of attempted aggravated harassment in the second degree and attempted criminal contempt
in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is modified, on the law, by vacating the
conviction of attempted aggravated harassment in the second degree and dismissing that count of
the accusatory instrument; as so modified, the judgment of conviction is affirmed.
On December 5, 2014, defendant was charged in a misdemeanor information with two
counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a]; [2]) and
one count of harassment in the second degree (Penal Law § 240.26 [1]). According to the
information, on November 18, 2014, defendant made a telephone call to his wife, the
complainant, during which he said "he was going to gut her and make her eat her guts," causing
her annoyance and alarm.
During the arraignment, the Criminal Court issued a temporary order of protection (TOP) by
which defendant was required to stay away from the complainant's home and place of work for
the next six months. Approximately two months later, on February 12, 2015, defendant was
charged in a second misdemeanor information with criminal contempt in the second degree
(Penal Law § 215.50 [3]). It was alleged in this second information that, on January 11,
2015, the complainant "observed [] defendant drive around her place of residence 3 times and
then pull [*2]into her driveway," in violation of the TOP.
Prior to the start of a nonjury trial, the Criminal Court granted two motions by the
prosecution regarding the charges, without objection by defendant. On the first information, the
two counts of aggravated harassment in the second degree were reduced to attempted aggravated
harassment in the second degree (Penal Law §§ 110.00, 240.30 [1] [a]; [2]), and the
count of harassment in the second degree was dismissed. On the second information, the count of
criminal contempt in the second degree was reduced to attempted criminal contempt in the
second degree (Penal Law §§ 110.00, 215.50 [3]). The People subsequently filed a
prosecutor's information (see CPL 100.50) charging defendant with these three reduced
counts. Following the presentation of trial evidence, the Criminal Court acquitted defendant of
attempted aggravated harassment in the second degree pursuant to subsection (1) (a), but
convicted him of attempted aggravated harassment in the second degree pursuant to subsection
(2) and of attempted criminal contempt in the second degree, and later sentenced him.
Pursuant to Penal Law § 240.30 (2), a person commits aggravated harassment in the
second degree when, "[w]ith intent to harass another person, he or she makes a telephone call,
whether or not a conversation ensues, with no purpose of legitimate communication." We have
repeatedly exhorted that the "mere recitation in [an] accusatory instrument that the telephone
call[s] allegedly made by [a] defendant to [a] complainant had no legitimate purpose of
communication, without providing a basis for such allegation, does not establish this element of
aggravated harassment in the second degree" (People v Lewis, 52 Misc 3d 134[A], 2016 NY Slip Op 51025[U],
*1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [internal quotation marks
omitted]; see People v Hargrove, 47
Misc 3d 136[A], 2015 NY Slip Op 50499[U], *2 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2015]; People v Singh, 1
Misc 3d 73, 74 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). The absence of
evidentiary support for the "no legitimate purpose of communication" element would similarly
render a reduced count of attempted aggravated harassment in the second degree facially
insufficient.
In this case, defendant asserts correctly that the reduced charge of attempted aggravated
harassment in the second degree in the first misdemeanor information is insufficiently alleged.
The "no legitimate purpose of communication" element is not alleged anywhere within the four
corners of the first information. The allegation that defendant made a threat during a telephone
conversation with the complainant does not, without more, sufficiently permit the inference that
there was no legitimate purpose in initiating the communication in the first place (see People v Hassan, 63 Misc 3d
158[A], 2019 NY Slip Op 50838[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019] ["as the original information failed to provide a basis for the allegation that
defendant had engaged in conduct which tended to effectuate a telephone call that had no
legitimate purpose of communication, it failed to allege every element of the offense"];
see CPL 100.40 [1] [c]). Consequently, "the count of attempted aggravated harassment in
the second degree [pursuant to Penal Law §§ 110.00, 240.30 (2)], charged in the
prosecutor's information, was jurisdictionally defective," because " 'the factual allegations of the
original information underlying it and any supporting depositions are not legally sufficient to
support the charge in the prosecutor's information' " (Hassan, 63 Misc 3d 158[A], 2019
NY Slip Op 50838[U], *1; quoting CPL 170.35 [3] [b]), requiring vacatur of defendant's
conviction thereof and dismissal of that count.
Defendant also submits that the count of criminal contempt in the second degree, as charged
in the second information underlying the prosecutor's information, is facially insufficient and
gives two independent reasons: (1) the underlying accusatory instrument "fails to include
pertinent information found in the [TOP]" and (2) the court that issued the TOP during
defendant's December 5, 2014 arraignment neglected to properly instruct him about the limits it
placed upon him. Even if, for the sake of argument, these reasons were factually accurate, they
are immaterial to the facial sufficiency issue because, " 'in evaluating the sufficiency of an
accusatory instrument,' a court does 'not look beyond its four corners (including supporting
declarations appended thereto)' " (People
v Slade, 37 NY3d 127, 136-137 [2021], quoting People v Hardy, 35 NY3d 466, 475 [2020]). Upon our review of
the underlying accusatory instrument, we are satisfied that the allegation that defendant violated
the TOP, by driving around the complainant's home and pulling into her driveway, sufficiently
supports the count of attempted criminal contempt in the second degree.
Defendant argues further that the trial evidence was legally insufficient to support his
conviction of attempted criminal contempt in the second degree. However, his specific points are
unpreserved. In any event, this contention lacks merit. Evidence adduced at trial is legally
sufficient to support a guilty verdict if it is "competent evidence which, if accepted as true, would
establish every element of an offense charged and the defendant's commission thereof" (CPL
70.10). In other words, trial evidence is legally sufficient if, when it and all reasonable inferences
thereof are viewed in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]; People v
Contes, 60 NY2d 620, 621 [1983]), " 'any valid line of reasoning and permissible inferences
could lead a rational person to the conclusion reached by the fact finder' " (People v Dubarry, 25 NY3d 161,
178 [2015], quoting People v Hines, 97 NY2d 56, 62 [2001]).
In this case, the complainant, defendant's and the complainant's adult son, and the son's
girlfriend testified consistently and credibly for the prosecution that, while they were eating lunch
together on January 11, 2015, they observed defendant driving around the marital home before
parking his vehicle near the gated entrance to the home's driveway, despite his awareness that the
TOP he signed barely one month prior explicitly stated that he must stay away from the
complainant's home. This evidence, viewed in the light most favorable to the People, was indeed
legally sufficient to sustain his conviction of attempted criminal contempt in the second degree.
Defendant's conviction also was not against the weight of the evidence.
Each of defendant's remaining appellate contentions are unpreserved, improperly noticed or
unnoticed,[FN1]
unavailing on the merits or rendered academic by the foregoing.

Accordingly, the judgment of conviction is modified by vacating the conviction of attempted
aggravated harassment in the second degree and dismissing that count of the accusatory
instrument.

ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 17, 2021

Footnotes

Footnote 1: Specifically, defendant has
provided no proof of notice to the New York State Attorney General of his intent to make an
as-applied challenge to the constitutionality of Penal Law § 240.30 (2) in this appeal
(see CPLR 1012 [b] [3]; Executive Law § 71 [3]; Guidarelli v Brassard, 88 AD3d
1147, 1149 [2011] ["to the extent that petitioners challenge the constitutionality of Election
Law § 7-104 as applied to them, that challenge is not properly before us inasmuch as there
is no indication in the record that the Attorney General was given the requisite notice"]).
"[A]bsent proof that the Attorney General has been duly notified of such" as-applied
constitutional challenge, "these issues are not properly before us" (People v Martinez,59
Misc 3d 131[A], 2018 NY Slip Op 50465[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists
2018] [declining to consider defendant's claim that the portion of a protective order which
mirrored the language contained in CPL 530.13 (1) (a), was "unconstitutional in that he was not
thereby informed as to how far from the victim's place of business he was required to remain if
he was to avoid violating the order"]).