[801 NE2d 376, 769 NYS2d 156]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SE-GUNDO JOSE VELASQUEZ, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FOSTER, Appellant.

Argued September 17, 2003; decided October 23, 2003

**POINTS OF COUNSEL**

*Denise A. Cors,* New York City, and *Lynn W.L. Fahey* for appellant in the first above-entitled action. Appellant did not knowingly, intelligently and voluntarily waive his right to be present at voir dire sidebars when the court merely announced, in his presence, "Antommarchi waived." (*People v Antommarchi,* 80 NY2d 247; *People v Davidson,* 89 NY2d 881; *People v Morris,* 217 AD2d 561; *People v Golden,* 222 AD2d 696; *People v Marzug,* 270 AD2d 945; *People v Roman,* 88 NY2d 18; *People v Mitchell,* 80 NY2d 519; *People v Sloan,* 79 NY2d 386; *People v Williams,* 92 NY2d 993; *People v Vargas,* 88 NY2d 363.)

*Charles J. Hynes, District Attorney,* Brooklyn (*Phyllis Mintz* and *Leonard Joblove* of counsel), for respondent in the first above-entitled action. Defense counsel validly waived defendant's right to be present at sidebar conferences during voir

dire. However, if this Court deems the record inadequate to support that conclusion, then the proper remedy would be to remand the case for a reconstruction hearing. (*Snyder v Massachusetts,* 291 US 97; *People v Mitchell,* 80 NY2d 519; *People v Maher,* 89 NY2d 318; *People v Roman,* 88 NY2d 18; *People v Sprowal,* 84 NY2d 113; *People v Antommarchi,* 80 NY2d 247; *People v Kinchen,* 60 NY2d 772; *People v Vargas,* 88 NY2d 363; *People v Santorelli,* 95 NY2d 412; *People v Lebron,* 293 AD2d 689.)

*Office of the Appellate Defender,* New York City (*Melissa Rothstein, Richard M. Greenberg* and *Daniel A. Warshawsky* of counsel), for appellant in the second above-entitled action. Defendant is entitled to a new trial because the record establishes that he was excluded from bias-related robing room discussions with prospective jurors. (*People v Maher,* 89 NY2d 318; *People v Antommarchi,* 80 NY2d 247; *People v Camacho,* 90 NY2d 558; *People v Roman,* 88 NY2d 18; *People v Davidson,* 210 AD2d 76, 89 NY2d 881; *People v Madera,* 216 AD2d 89; *People v Michalek,* 82 NY2d 906.)

*Robert T. Johnson, District Attorney,* Bronx (*Andrew N. Sacher, Joseph N. Ferdenzi* and *Karen Swiger* of counsel), for respondent in the second above-entitled action. Defendant fails to present an adequate record for review. Alternatively, the factual finding of the court below that defendant was present for the relevant robing room discussion with venirepersons is supported by the record and therefore beyond the scope of this Court's review power. (*People v Maher,* 89 NY2d 318; *People v Antommarchi,* 80 NY2d 247; *People v Sloan,* 79 NY2d 386; *People v Childs,* 247 AD2d 319; *People v Roman,* 88 NY2d 18; *People v Davidson,* 89 NY2d 881; *People v Olivo,* 52 NY2d 309; *People v Charleston,* 54 NY2d 622; *People v Kinchen,* 60 NY2d 772; *People v Dokes,* 79 NY2d 656.)

**OPINION OF THE COURT**

Chief Judge KAYE.

In these appeals, we are asked to determine whether the right of defendants to be present at sidebar conferences with prospective jurors was violated. In each case, we conclude that it was not.

During jury selection in defendant Foster's robbery trial, as the record indicates, the court on February 4, 1999, informed prospective jurors that at the conclusion of its remarks, "I will step into the robing room with the attorneys and anyone who

feels that I have raised an issue that they need to discuss with us will be invited to come in one at a time and tell us about it. . . . No one will be asked to make any public statements." The court then invited "counsel" into the robing room, where a number of jurors were questioned about their ability to be fair and impartial. The transcript of the robing room conference does not make particular note of defendant's presence or absence, or anyone else's. Presence was noted only as a person spoke, and at this conference there is no indication that defendant said anything.

Defendant Velasquez was tried for depraved indifference murder and possession of a weapon. The transcript reflects that on April 17, 2000, following a bench conference held after the conclusion of the *Sandoval* hearing, the court stated on the record, "Okay. Bring in the jury, please. Come up, counsel. While the jury is coming in, let's talk about logistics." At the close of another off-the-record bench conference, defense counsel announced in open court, "Waived," to which the court responded, "Antommarchi waived." During jury selection, a prospective juror—ultimately seated as the foreperson—was questioned about bias at a sidebar conference outside the presence of defendant.

Each defendant claims that the transcript of his trial establishes a violation of his right to be present during the questioning of prospective jurors. The Appellate Division affirmed both convictions, with two Justices dissenting in *Velasquez*. We also affirm.

CPL 260.20 provides that a defendant must be personally present during the trial of an indictment. This statutory right extends to all material stages of the trial, including ancillary proceedings in which defendants' presence could have "a substantial effect on their ability to defend against the charges" (*People v Sloan*, 79 NY2d 386, 392 [1992]). Defendants thus have a right to be present at sidebar and robing room conferences with prospective jurors regarding possible bias or hostility because they may give counsel input "in making discretionary choices during jury selection, based on impressions gained from seeing and hearing the juror's responses on voir dire" (*People v Roman*, 88 NY2d 18, 26 [1996]; *see also People v Antommarchi*, 80 NY2d 247 [1992]).

Although the right to be present at sidebar questioning need not be preserved by objection (*see Antommarchi*, 80 NY2d at

250; *People v Dokes*, 79 NY2d 656, 662 [1992]), a defendant alleging an *Antommarchi* violation must nevertheless present an adequate record for appellate review (*see People v Kinchen*, 60 NY2d 772 [1983]). Moreover, although the right is fundamental, it may be waived (*see People v Vargas*, 88 NY2d 363, 375-376 [1996]).

### People v Foster

A presumption of regularity attaches to judicial proceedings (*see People v Harrison*, 85 NY2d 794, 796 [1995]). This presumption may be overcome only by substantial evidence (*see People v Richetti*, 302 NY 290, 298 [1951]; *People v Harris*, 61 NY2d 9, 16 [1983]).

■ Defendant Foster has failed to meet his burden of coming forward with substantial evidence establishing his absence. We decline to speculate that the court reporter's failure to note defendant's presence at the challenged robing room conference, coupled with occasional references to his presence in other portions of the transcript, demonstrates that he must have been absent from the ancillary proceeding at issue. Without more, failure to record a defendant's presence is insufficient to meet the defendant's burden of rebutting the presumption of regularity.

Nor is defendant's absence established by the trial court's failure to apprise the prospective jurors that defendant would be present with the attorneys in the robing room. The court's assurance that "[n]o one will be asked to make any public statements" was indicative merely of its intention that the jurors would not be forced to discuss personal matters in open court, and did not reflect a promise that no one other than the court and the attorneys would be present in the room.* Indeed, defendant concedes that the court clerk and court reporter were present in the robing room, even though the court had not informed the jurors that they, too, would be there. And as with defendant, the presence of the court clerk is not noted in the transcript. Moreover, on at least one other occasion in which the trial court told the jurors that it was going to confer with "counsel" without also mentioning the defendant, it is beyond dispute that defendant, who spoke on the record, was in fact present.

---

* *People v Maher* (89 NY2d 318 [1996]) is not to the contrary. In *Maher*, we were asked to determine only whether the record established that those conferences at which defendants had been absent constituted the type of proceedings at which their right to be present obtained.

Because defendant has failed to provide substantial record evidence of his absence, a reconstruction hearing is not required. Reconstruction hearings may be appropriate where it is clear that a proceeding took place that was not transcribed (*see e.g. People v Michalek*, 82 NY2d 906 [1994] [reconstruction hearing ordered where *Sandoval* hearing held but not transcribed]); the trial court refused to record the proceedings (*see e.g. People v Davidson*, 89 NY2d 881 [1996] [trial court refused to record substantial portions of voir dire proceeding]); the minutes have been lost; or there is significant ambiguity in the record. Reconstruction hearings should not be routinely ordered where, as here, the record is simply insufficient to establish facts necessary to meet the defendant's burden of showing that he was absent from a material stage of the trial.

### *People v Velasquez*

■ Contrary to defendant Velasquez's contention, the record establishes that he validly waived his right to be present at sidebar.

In accepting an *Antommarchi* waiver offered by defense counsel on a defendant's behalf, a trial court need not engage the defendant in an on-the-record colloquy to ensure the requisite voluntary, knowing and intelligent nature of the waiver (*see People v Spotford*, 85 NY2d 593, 598 [1995]; *People v Epps*, 37 NY2d 343, 350-351 [1975]). "[T]here is no requirement that the Judge conduct a *pro forma* inquisition in each case on the off-chance that a defendant who is adequately represented by counsel . . . may nevertheless not know what he is doing" (*People v Francis*, 38 NY2d 150, 154 [1975]).

Here, it is plain from the record that defense counsel informed the court at the bench that his client waived his right to be present at sidebar, and that the court then asked counsel to place this waiver on the record. At the close of this bench conference, counsel announced in open court, "Waived," to which the court immediately responded, "Antommarchi waived." Unless counsel had informed the court of his client's decision during the bench conference held to discuss "logistics" (including whether and, if so, how the defendant would be brought to the bench during sidebar conferences), the court could not possibly have understood that counsel's on-the-record statement, "Waived," referred to *Antommarchi*. A reconstruction hearing is therefore not required.

While the better practice would have been to state the substance of the right being waived, nothing in the record calls

into question the effectiveness of defendant's waiver as announced by counsel, as the waiver occurred in open court in the presence of defendant (*see People v Keen*, 94 NY2d 533, 538 [2000]; *People v Santorelli*, 95 NY2d 412, 424-425 [2000]). Defendant has thus failed to rebut the presumption of regularity that the waiver was neither offered by defense counsel nor accepted by the trial court without first ascertaining that defendant voluntarily, knowingly and intelligently waived his right to be present at sidebar conferences.

Finally, while in both cases we conclude that defendants' rights were not violated, greater attentiveness to indicating defendants' presence, or absence, in the trial record would both protect defendants' *Antommarchi* rights and avoid protracted disputes years later.

Accordingly, the order of the Appellate Division in each case should be affirmed.

G.B. Smith, J. (dissenting). The issue in both of these cases is whether the defendant validly waived his right to be present during questioning of prospective jurors concerning their ability to be fair and impartial. Because the record in each does not indicate that defendant was present or that the defendant made a voluntary, knowing and intelligent waiver of the defendant's right to be present, I would remand these cases to the trial court for an appropriate determination of whether the defendants were present or whether they made adequate waivers.

A defendant has a statutory right to be present during any questioning of a prospective juror about his or her impartiality (CPL 260.20; *People v Antommarchi*, 80 NY2d 247 [1992]; *People v Sloan*, 79 NY2d 386 [1992]). A defendant may waive the right to be present but the choice to do so must be "knowing and intelligent" (*People v Vargas*, 88 NY2d 363, 375-376 [1996]; *People v Spotford*, 85 NY2d 593 [1995]). In these cases the record does not indicate that there was a knowing and intelligent waiver of the defendants' right to be present during the questioning of prospective jurors.

Defendant Velasquez was convicted of murder in the second degree and sentenced to 25 years to life in prison. The evidence was that defendant killed a woman with whom he had checked into a hotel in Brooklyn, New York, on April 29, 1999.

In *Velasquez*, the record reveals only the following with respect to *Antommarchi*:

> "THE COURT: Come up counsel. While the jury is coming in, let's talk about logistics.

(Bench conference off the record)

"DEFENSE COUNSEL: Waived.

"THE COURT: Antommarchi waived."

Defendant contends that there was no knowing, intelligent and voluntary waiver of his right to be present at the sidebar questioning of prospective jurors. In his brief the defendant states:

> "Nothing in this terse and cryptic exercise in 'law-yerese' suggested that appellant was aware of and understood the right he was giving up, or that he consented to this strategy. Nor was the slightest effort made to ensure that he understood the right he was relinquishing. The court failed to ask appellant a single question. It never inquired whether defense counsel had discussed the waiver with his client, and counsel made no representations that he had. Neither the court, the prosecutor, nor defense counsel articulated nor even alluded to the substance of the right, so as to alert appellant to the action taken on his behalf. Under these circumstances, there was no valid *Antommarchi* waiver."

The People contend that the record is sufficient to conclude that there was a knowing and intelligent waiver of defendant's right to be present but that if this Court disagrees, the matter should be remanded for a hearing. The Appellate Division majority concluded that the circumstances indicate that defendant made a knowing, intelligent and voluntary waiver of the right to be present. The dissenters, on the other hand, concluded that the record did not reveal that the defendant was made aware of his right to be present and a remand for a hearing was appropriate.

Defendant Foster was convicted of robbery in the first degree, attempted robbery in the first degree and robbery in the second degree and was sentenced to consecutive terms of 15, 10 and 10 years, respectively. The evidence was that on December 11, 1997, in Bronx County, defendant and another robbed a student of a chain and that on December 16, 1997, defendant attempted to rob the same complainant of his coat. On December 17, 1997, defendant and another robbed a different complainant of a chain.

In *Foster*, defendant argues that he is entitled to a new trial because he was excluded from robing room discussions with prospective jurors. The People argue that defendant has failed

to present a record that is adequate for review but that the Appellate Division's factual finding that defendant was present precludes further review by this Court. The Appellate Division concluded, "Review of defendant's claim that he was denied his right to be present at robing room discussions with prospective jurors is precluded by the lack of a record establishing his absence [citations omitted]. To the extent the record permits review, it indicates that defendant was present during the robing room conferences at issue." (295 AD2d 107, 107-108.)

As stated, defendant has a right to be present for the examination of a prospective juror's ability to serve impartially. The presumption of regularity, relied on by the majority, can be rebutted by an appropriate hearing by the trial court as to whether or not the defendant was present for questioning about the qualifications of jurors or knowingly and intelligently waived his right to be present. There is no evidence in these two records that the court reporter, judge, defense attorney, prosecutor or other court personnel are no longer available to give testimony.

The presumption of regularity has been used in a variety of cases including when an exhibit was lost (*People v Yavru-Sakuk*, 98 NY2d 56 [2002]); or when stenographic notes were lost (*People v Glass*, 43 NY2d 283 [1977]; *People v Strollo*, 191 NY 42 [1908]) and when there was an assertion that a judge may have issued a search warrant after taking testimony which had not been made a part of the record (*People v Dominique*, 90 NY2d 880 [1997]). The presumption of regularity should not be used as a substitute for the reconstruction of a record (*People v Harrison*, 85 NY2d 794 [1995]; *People v Glass, supra*). Thus, concluding from a rebuttable presumption, and without a hearing, that the defendant was present or that he voluntarily, intelligently and knowingly waived his right to be present for the questioning of jurors was inappropriate in this case.

Accordingly, I would remand both cases to the trial court for a hearing on defendants' *Antommarchi* rights.

Judges CIPARICK, ROSENBLATT, GRAFFEO and READ concur with Chief Judge KAYE; Judge G.B. SMITH dissents and votes to reverse in a separate opinion.

In each case: Order affirmed.