350

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Appellant. [782 NYS2d 745]—

Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered September 19, 2002, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The credible evidence, including evidence of defendant's conduct evincing a consciousness of guilt, warranted the inference that he knew the contents of a brown paper bag containing cocaine (see People v Reisman, 29 NY2d 278, 285-286 [1971], cert denied 405 US 1041 [1972]). The court properly charged the jury on the element of knowing possession, and properly denied defendant's request for an instruction on "something like unknowing transient possession."

There is nothing in the record to substantiate defendant's assertion that the court violated the principles of People v O'Rama (78 NY2d 270 [1991]) in its response to a jury note (see People v Kinchen, 60 NY2d 772 [1983]; see also People v Starling, 85 NY2d 509, 516 [1995]). A presumption of regularity attaches to judicial proceedings and may be overcome only by substantial evidence (see People v Velasquez, 1 NY3d 44, 48 [2003]). Instead, defendant's claim rests on speculation. Concur—Buckley, P.J., Mazzarelli, Andrias, Marlow and Catterson, JJ.