[934 NE2d 309, 907 NYS2d 740]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHJEEM WILLIAMS, Appellant.

Argued June 3, 2010; decided June 29, 2010

**APPEARANCES OF COUNSEL**

*Office of the Appellate Defender*, New York City (*Rosemary Herbert* and *Richard M. Greenberg* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Noah J. Chamoy* and *Joseph N. Ferdenzi* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

In this buy-and-bust case, defendant Rahjeem Williams was arrested and charged with various drug-related offenses. A jury subsequently convicted him of third-degree criminal possession of a controlled substance (Penal Law § 220.16), and hung on the second count submitted to it, third-degree criminal sale of a

controlled substance (Penal Law § 220.39). Defendant, who was sentenced to a term of 4½ to 9 years of imprisonment, argues that he did not waive his *Antommarchi* right to be present at conferences with potential jurors to explore issues of possible bias (*see People v Antommarchi*, 80 NY2d 247 [1992]; *see also People v Vargas*, 88 NY2d 363, 375-376 [1996] ["'(T)he right to be present at sidebars . . . may be waived by a voluntary, knowing and intelligent choice" (citations omitted)]).

During the pretrial suppression hearing, defense counsel stated that he had described defendant's *Antommarchi* rights to him. The trial judge immediately followed up by telling defendant that "[i]f we ever have any sidebars or if at any time I'm talking to both of the attorneys[,] you have an absolute right to be present at that time[.] I'm sure that your counsel has explained that to you." Further, defendant was in the courtroom when the trial judge outlined the procedures that he intended to use during jury selection, and watched on the several occasions when the judge and both counsel retired to the jury deliberation room with prospective jurors. Thus, defendant was certainly aware when prospective jurors were being questioned in the deliberation room about possible bias, and never objected or requested to participate. Moreover, the judge reminded defendant of his right to be present at such conferences. At one juncture, he advised defendant, as a "continuing point of information," that if "[a]t any time" he discussed any topic with counsel, defendant was "more than welcome[ ] to be present," adding that he was "sure that [was] . . . something" that defendant had discussed with his attorney. Defendant responded "Correct." As the Appellate Division remarked, "[w]hile the [trial] court articulated a right to be present that was broader than the law requires, its statement necessarily included the rights guaranteed by *Antommarchi,* and the surrounding circumstances support the inference that defendant understood and waived those rights" (61 AD3d 470, 471 [1st Dept 2009]). The better practice, of course, is to note that *Antommarchi* rights relate to the right to be present at conferences with potential jurors regarding issues of bias; however, we agree with the Appellate Division that, on this record, defendant waived his right to be present at such conferences.

Chief Judge Lippman and Judges Ciparick, Graffeo, Read, Smith, Pigott and Jones concur.

Order affirmed in a memorandum.