# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

902
KA 10-00693
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

GUNTHER J. FLINN, DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (PATRICIA L. DZIUBA
OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Jefferson County Court (Kim H.
Martusewicz, J.), rendered November 30, 2009.  The judgment convicted
defendant, upon a jury verdict, of attempted murder in the second
degree, assault in the first degree, intimidating a victim or witness
in the first degree (two counts), assault in the second degree,
obstructing governmental administration in the second degree,
resisting arrest, harassment in the second degree and disorderly
conduct.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him following a
jury trial of, inter alia, attempted murder in the second degree
(Penal Law §§ 110.00, 125.25 [1]), defendant contends that he was
denied his right to be present at all material stages of the trial,
specifically, bench conferences involving defense counsel and
potential jurors during the jury selection process.  The right to be
present during sidebar questioning of prospective jurors regarding
matters of bias or prejudice may be waived, provided that the waiver
is voluntary, knowing and intelligent (*see People v Lucious*, 269 AD2d
766, 767).  Here, we conclude that defendant's failure to attend
sidebar conferences after being fully informed of the right to do so
constitutes a valid waiver of that right (*see People v Inskeep*, 272
AD2d 966, 966, *lv denied* 95 NY2d 866).

Defendant contends that County Court committed reversible error
in refusing to charge as lesser included offenses the crime of
attempted assault in the first degree (Penal Law §§ 110.00, 120.10
[1]) and the crime of assault in the second degree that requires only
a reckless mental state (§ 120.05 [4]).  We reject that contention
because there is no reasonable view of the evidence to support a

finding that defendant committed those lesser offenses but not the greater offense of assault in the first degree (*see People v Van Norstrand*, 85 NY2d 131, 135). We note that, although at trial defendant contended that certain other lesser included offenses should be charged and he has summarized his requests with respect to those offenses in a table in his brief on appeal, his contention on appeal concerning lesser included offenses does not address those additional requests. We thus conclude that defendant has abandoned his contention with respect to those additional requests (*see generally People v Dombrowski*, 94 AD3d 1416, 1417, *lv denied* 19 NY3d 959). Defendant further contends that his conviction of attempted murder in the second degree and assault in the first and second degrees is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence with respect to those crimes. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), and according the benefit of every reasonable inference to the People (*see People v Ford*, 66 NY2d 428, 437), we conclude that the evidence is legally sufficient with respect to those crimes (*see generally People v Bleakley*, 69 NY2d 490, 495). In addition, viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends in addition that he was unconstitutionally punished for exercising his right to a trial. It is well settled that a sentence imposed after trial "may be more severe than a promised sentence in connection with a plea agreement" (*People v Chapero*, 23 AD3d 492, 493, *lv denied* 6 NY3d 846). "The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to [a] trial" (*People v Simon*, 180 AD2d 866, 867, *lv denied* 80 NY2d 838; *see People v Chappelle*, 14 AD3d 728, 729, *lv denied* 5 NY3d 786). Here, although defendant was sentenced following the trial to a greater term of imprisonment than that offered during plea negotiations, he did not raise his present contention at sentencing and thus has failed to preserve his contention for our review (*see People v Motzer*, 96 AD3d 1635, 1636). In any event, that contention lacks merit because there is no evidence in the record that the court was motivated by "retaliation or vindictiveness" in sentencing defendant following the trial (*People v Patterson*, 106 AD2d 520, 521). Defendant's sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contention and conclude that it does not require reversal or modification of the judgment.

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court