[7 NE3d 496, 984 NYS2d 283]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GUNTHER J. FLINN, Appellant.

Argued January 14, 2014; decided February 25, 2014

### POINTS OF COUNSEL

*Muldoon & Getz*, Rochester (*Martin P. McCarthy, II*, of counsel), for appellant. I. Defendant's right to be present at all material stages of the proceedings was violated when no express or implied waiver of his right to attend bench conferences occurred. (*People v Sloan*, 79 NY2d 386; *People v Turaine*, 78 NY2d 871; *People v Anderson*, 16 NY2d 282; *People v Velasco* 77 NY2d 469; *People v Antommarchi*, 80 NY2d 247; *People v Mitchell*, 80 NY2d 519; *People v Vargas*, 88 NY2d 363; *People v Keen*, 94 NY2d 533; *People v Williams*, 15 NY3d 739; *People v McAdams*, 22 AD3d 885.) II. Defendant was unconstitutionally punished for exercising his right to a trial. (*United States v Goodwin*, 457 US 368; *Bordenkircher v Hayes*, 434 US 357; *People v Van Pelt*, 76 NY2d 156; *North Carolina v Pearce*, 395 US 711; *People v Simmons*, 29 AD3d 1024; *People v Rogers*, 56 AD3d 1173; *People v Miller*, 65 NY2d 502.)

*Cindy F. Intschert, District Attorney*, Watertown (*Patricia L. Dziuba* of counsel), for respondent. I. Because defendant effectively waived his right to be present during voir dire sidebars, a new trial is not required. (*Maurer v People*, 43 NY 1; *People ex rel. Lupo v Fay*, 13 NY2d 253; *People v Mullen*, 44 NY2d 1; *People v Antommarchi*, 80 NY2d 247; *People v Vargas*, 88 NY2d 363; *People v Spotford*, 85 NY2d 593; *People v Velasco*, 77 NY2d 469; *People v Keen*, 94 NY2d 533; *People v Williams*, 15 NY3d 739.) II. Because the court did not sentence defendant vindictively nor was the sentence harsh or excessive, a new trial is not required. (*People v Mitchell*, 104 AD2d 689; *People v Roman*, 84 AD2d 851; *People v Richard*, 65 AD2d 595; *People v Cotter*, 25 AD2d 609; *People v Farrar*, 52 NY2d 302; *People v*

*Nicholson*, 237 AD2d 973; *United States v Goodwin*, 457 US 368; *Bordenkircher v Hayes*, 434 US 357; *People v Van Pelt*, 76 NY2d 156.)

**OPINION OF THE COURT**

SMITH, J.

We hold that defendant validly waived his right under *People v Antommarchi* (80 NY2d 247, 249-250 [1992]) to be present during bench conferences at which prospective jurors were questioned on voir dire.

Defendant was tried for attempted murder and other crimes. Before beginning jury selection, the trial judge announced in defendant's hearing:

"If there are any conferences at the bench, I just remind everyone the defendant is welcome to attend them, I will leave that up to defense counsel and the defendant as to whether or not he wants to get up and attend any of those conferences."

A few minutes later, after one prospective juror had been excused for medical reasons, defense counsel said in a bench conference, held out of defendant's hearing:

"Your Honor, may I just put one thing on the record. Mr. Flinn is remaining at counsel table. I have discussed with him that he has the right to come up here during these discussions at the bench, and he has waived that right."

Voir dire proceeded, and a number of bench conferences were held at which prospective jurors' qualifications were discussed. There is no indication in the record that defendant attended, or asked to attend, any of these conferences. Defendant was convicted, and the Appellate Division affirmed (*People v Flinn*, 98 AD3d 1262 [4th Dept 2012]). A Judge of this Court granted leave to appeal (20 NY3d 986 [2012]), and we now affirm.

Defendant waived his *Antommarchi* right both implicitly and explicitly. He did so implicitly when, after hearing the trial judge say that he was "welcome to attend" the bench conferences, he chose not to do so. And he waived it explicitly by his lawyer's statement to the court.

The implicit waiver is not significantly different from the one we upheld in *People v Williams* (15 NY3d 739 [2010]). It is true that in *Williams* the trial court said not only that the defendant was "welcome" at sidebar conferences but also that he had "an absolute right" to attend them (*id.* at 740), but we think that in

context the two statements convey the same message: defendant was free to attend bench conferences if he wanted to do so. This was the important point for him to understand—not whether his opportunity to attend was a right or a privilege. It is hard to imagine how his decision not to attend could have been affected if the court here had used the word "right."

As for the explicit waiver, we have repeatedly held that a lawyer may waive the *Antommarchi* right of his or her client (*People v Velasquez*, 1 NY3d 44, 47-50 [2003]; *People v Keen*, 94 NY2d 533, 538-539 [2000]; *see also People v Vargas*, 88 NY2d 363, 376 [1996] [because sidebar presence is a statutory, not a constitutional, right, "this Court has been more flexible regarding the acceptable form of voluntary waivers by defendants and their lawyers"]). Defendant seeks to distinguish these cases on the ground that here the lawyer's statement waiving the right was not made in defendant's hearing. But the premise of *Velasquez* and *Keen* is that a lawyer may be trusted to explain rights to his or her client, and to report to the court the result of that discussion. If that was not our assumption in those cases, we would not have found a valid waiver; we certainly did not rely on the client's vigilance in listening to, or his diligence in correcting, his lawyer's misstatements. Indeed, in *Velasquez*, while the client did hear the lawyer's oral waiver, it is unlikely that he understood it. The only relevant words said in open court in *Velasquez* were "Waived" by the lawyer and "Antommarchi waived" by the court (1 NY3d at 47).

Accordingly, the order of the Appellate Division should be affirmed.

RIVERA, J. (dissenting). The trial court's failure to properly inform defendant of his fundamental right to attend certain conferences, and to confirm and make a public record of defendant's alleged waiver communicated to the court by counsel at sidebar and out of defendant's presence, constitutes a violation of defendant's rights as recognized by *People v Antommarchi* (80 NY2d 247 [1992]) and its progeny, and the majority's opinion risks rendering our prior decisions meaningless. Therefore, I dissent.

A defendant's fundamental right to be present during any material stage of trial includes the right to be present for sidebar discussions on juror bias, hostility or predisposition (CPL 260.20; *Antommarchi*, 80 NY2d at 250; *People v Dokes*, 79 NY2d 656, 661-662 [1992]). Violation of that right is reversible error

when a juror questioned outside of the defendant's presence is empaneled or subjected to defense counsel's peremptory challenge (*People v Davidson*, 89 NY2d 881, 882-883 [1996]).

A defendant may waive the fundamental *Antommarchi* right so long as the waiver is voluntary, knowing, and intelligent (*People v Keen*, 94 NY2d 533, 538-539 [2000]; *People v Vargas*, 88 NY2d 363, 375-376 [1996]). Waiver may be accomplished explicitly, by the defendant or through defense counsel, or implicitly, through defendant's failure to exercise the *Antommarchi* right after an adequate in-court apprisal (*see People v Velasquez*, 1 NY3d 44, 49-50 [2003]; *People v Williams*, 15 NY3d 739, 740 [2010]).

The majority concludes that defendant implicitly waived his right by failing to attend sidebar conferences probing juror bias. We have only recognized an implicit waiver of the *Antommarchi* right when the defendant has been informed of the right in time to exercise it during juror selection (*see Williams*, 15 NY3d at 740). Otherwise, defendant's waiver could not be voluntary, knowing, and intelligent. Here, the majority concludes that the trial court informed defendant of his right to attend sidebars probing juror bias when it said: "If there are any conferences at the bench, I just remind everyone the defendant is welcome to attend them[.] I will leave that up to defense counsel and the defendant as to whether or not he wants to get up and attend any of those conferences." According to the majority, this statement was sufficiently descriptive as to inform defendant of his fundamental *Antommarchi* right, and, according to the majority, defendant waived his right when he did not exercise it.

The majority considers it of no moment that, in this case, the court never used the legally familiar terminology associated with *Antommarchi*'s mandate, namely that defendant had a fundamental right he was entitled by statute to assert and that the court was obliged to recognize. Instead, the majority is persuaded that the word "welcome" as used by the court sufficiently apprised defendant of this statutory right. I cannot agree. The word "welcome" is defined as "received gladly into one's presence or companionship: admitted willingly to the company, house, or entertainment" or "freely or willingly permitted: cordially invited" (Webster's Third New International Dictionary [2002]). To recite the definition of "welcome" is to make obvious its inappropriateness to the task of informing defendant of a right, which is defined as "[s]omething that is due to a person by just claim, legal guarantee, or moral

principle[;] [a] power, privilege, or immunity secured to a person by law" (Black's Law Dictionary 1436 [9th ed 2009]). Unlike a right, a welcome is a mere invitation, subject to revocation by the person who extended it. A right recognized as fundamental, such as the *Antommarchi* right, cannot be conveyed by a word or phrase that suggests that it is subject to revocation. A welcome is more properly left for informal gatherings than the courtroom, where a defendant's future hangs in the balance and may very well turn on the proper understanding of the court's directive.

Words have meaning, which must be derived from and understood by the context in which they are expressed. Words in one context may convey a meaning which makes the word wholly appropriate given the circumstances, but which in another setting may be judged as inappropriate. Here, a statement by which the court states as a general matter, and not directed to the defendant, that the defendant is "welcome" to attend bench conferences, simply cannot be equated with a statement made directly to defendant explicating a fundamental right and informing him of the opportunity to exercise that right. Absent the court's adequate notification of that right to the defendant, any waiver cannot be knowing and voluntary and lacks legal significance.

Further, trial court's statement that it was "up to defense counsel and the defendant as to whether or not he wants to get up and attend any of those conferences" suggests that the decision was not solely the defendant's. A defendant's right to control his or her own defense has deep roots in U.S. jurisprudence (*see* Erica J. Hashimoto, *Resurrecting Autonomy: The Criminal Defendant's Right to Control the Case*, 90 B U L Rev 1147, 1163-1174 [2010]). After all, "[t]he defendant, and not his lawyer or the State, will bear the personal consequences of a conviction" (*Faretta v California*, 422 US 806, 834 [1975]). New York's statutory right to be present at material stages of trial protects this autonomy interest and ensures a defendant the opportunity to meaningful participation in his or her own defense (*People v Dokes*, 79 NY2d 656, 660-661 [1992]). Defendant, not defense counsel, bears the sole authority to waive this right; otherwise, the guarantee of meaningful participation rings hollow.

The circumstances surrounding defense counsel's attempted waiver on behalf of defendant provide an independent basis to reject such waiver's legal sufficiency. Until today, we have not

recognized a defense counsel's waiver of *Antommarchi* rights made outside the defendant's presence and without a subsequent confirmation made in open court. With good reason. Such a waiver lacks any recognition by the defendant and confirmation by the court that it reflects a voluntary, knowing, and intelligent waiver of the right. Certainly, as the majority notes, counsel can be expected to "explain rights to his or her client, and to report to the court the result of that discussion" including defendant's decision to waive his rights (majority op at 602). What counsel cannot do is satisfy the court's duty to ensure that defendant's waiver meets our legal standards.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and ABDUS-SALAAM concur with Judge SMITH; Judge RIVERA dissents and votes to reverse in an opinion.

Order affirmed.