# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

371

KA 10-00599

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RAMON RELEFORD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 3, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]). We reject defendant's contention that he was denied effective assistance of counsel. Defendant's reliance on *People v Nesbitt* (20 NY3d 1080, 1081-1082) is misplaced, inasmuch as the record establishes that, on summation, defense counsel contested the proof of the identification of defendant as the assailant as well as the proof of intent. Next, defense counsel's remarks at sentencing, while brief, did not constitute ineffective assistance (*see generally People v Maryon*, 20 AD3d 911, 913, *lv denied* 5 NY3d 854). Although defense counsel failed to object to the admission of the victim's medical records that contained inadmissible hearsay concerning the victim's identification of her assailant and failed to introduce into evidence certain 911 tape recordings, it cannot be said that defense counsel's errors with regard to those evidentiary submissions were sufficiently egregious and prejudicial as to deny defendant a fair trial (*see People v Sinclair*, 90 AD3d 1518, 1518, *lv denied* 18 NY3d 962; *see generally People v Ortega*, 15 NY3d 610, 619-620). Defendant's remaining allegations of ineffective assistance of counsel are without merit, and we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Contrary to defendant's further contention, County Court properly denied his request to charge reckless assault in the second degree as

a lesser included offense of assault in the first degree, inasmuch as there is no reasonable view of the evidence that defendant acted recklessly rather than intentionally (*see People v Flinn*, 98 AD3d 1262, 1263, *affd* 22 NY3d 599, *rearg denied* 23 NY3d 940).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court