# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**9**

**KA 12-01362**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                            MEMORANDUM AND ORDER

RICHARD J. TORTORICE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 20, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (three counts), robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of burglary in the first degree (Penal Law § 140.30 [2] - [4]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct inasmuch as he failed to object to any of the allegedly improper conduct (*see People v Bynum*, 125 AD3d 1278, 1278, *lv denied* 26 NY3d 927), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that he was denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances of the case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY3d 137, 147). Contrary to defendant's further contention, he implicitly waived his rights under *People v Antommarchi* (80 NY2d 247, *rearg denied* 81 NY2d 759) during jury selection when, "after hearing the trial judge say that he [had an absolute right to come up and hear everything], he chose not to do so" (*People v Flinn*, 22 NY3d 599, 601, *rearg denied* 23 NY3d 940; *see People v Williams*, 15 NY3d 739, 740). Defendant's related contention that Supreme Court's instruction was too narrow because it was not clear that he could attend all "backroom" conferences with potential jurors concerning

possible bias is belied by the record, inasmuch as the court informed defendant that he "was free to attend . . . conferences if he wanted to do so" (*Flinn*, 22 NY3d at 602).

Entered:  February 5, 2016                    Frances E. Cafarell
                                             Clerk of the Court