■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RIZZO, Appellant. [41 NYS3d 35]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered August 15, 2013, as amended September 18, 2013, convicting defendant, after a jury trial, of murder in the second degree, burglary in the first degree (three counts), robbery in the first degree (three counts), robbery in the second degree (three counts), criminal possession of a weapon in the second degree and assault in the second degree, and sentencing him to an aggregate term of 32 years to life, unanimously affirmed.

Defendant validly waived his right under *People v Antommarchi* (80 NY2d 247 [1992]) to be present at bias-related bench conferences with prospective jurors (*see People v Velasquez*, 1 NY3d 44 [2003]). The court indicated that, at an off-the-record bench conference, defense counsel had expressed his client's intention to waive his *Antommarchi* rights, whereupon defense counsel acknowledged that fact in open court by saying, "Yes." While the "better practice" would have been to make a fuller record, "nothing in the record calls into question the effectiveness of defendant's waiver as announced by counsel," and defendant has "failed to rebut the presumption of regularity that the waiver was neither offered by defense counsel nor accepted by the trial court without first ascertaining that defendant voluntarily, knowingly and intelligently waived his right to be present at sidebar conferences" (*id.* at 50). Defendant's attempt to distinguish *Velasquez* is unavailing.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the comments at issue, while better left unsaid, were generally responsive to defense arguments and fell within the broad leeway afforded prosecutors on summation (*see People v Galloway*, 54 NY2d 396 [1981]), and that, in any event, any improprieties were harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). We have considered and rejected defendant's ineffective assistance of counsel claim relating to the lack of objection (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Accordingly, we do not find that any lack of preservation may be excused on the ground of ineffective assistance.

We perceive no basis for reducing the sentence. Concur—Renwick, J.P., Moskowitz, Kapnick, Kahn and Gesmer, JJ.