People v Thomas (2019 NY Slip Op 03475)





People v Thomas


2019 NY Slip Op 03475


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9187 2343/13

[*1]The People of the State of New York, Respondent,
v
James Thomas, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Justin J. Braun of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered September 18, 2015, convicting defendant, after a jury trial, of robbery in the first and second degrees, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 21 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the criminal use of a firearm conviction, dismissing that count, and remanding for resentencing on the remaining convictions, and otherwise affirmed.
Defendant validly waived his right under People v Antommarchi (80 NY2d 247 [1992]) to be present at bias-related conferences with prospective jurors. Although defendant did not expressly waive his right to be present at those particular times, he confirmed his understanding of the court's advice about his right to be present at all stages of trial, but he chose not to do so (see People v Flinn, 22 NY3d 599 [2014]; People v Williams, 15 NY3d 739 [2010]).
The court properly rejected defendant's peremptory challenge to a juror, which counsel sought to exercise after the parties had accepted the juror and moved on to challenges for cause and peremptory challenges to another round of panelists (see People v Brown, 52 AD3d 248 [1st Dept 2008], lv denied 11 NY3d 735 [2008]). Defendant did not provide any legitimate excuse, and the court correctly concluded that granting the challenge at that point would have been prejudicial to the People under the circumstances of jury selection at that stage.
Recordings of prison phone calls were sufficiently authenticated through testimony by a Department of Correction investigator "establishing that the recordings were what they purported to be based on the standard procedures employed by" the correctional facility, which included a policy against making any alterations to phone call recordings and retaining the recordings pursuant to a chain of custody protocol (People v Rodriguez, 166 AD3d 459, 460 [1st Dept 2018], lv denied __ NY3d __, 2019 NY Slip Op 97470(U) [2019]; see generally People v Ely, 68 NY2d 520, 527-528 [1986]). This knowledgeable witness gave detailed testimony about the recording process. It was not necessary for him to have acquired any knowledge of the particular phone calls or recordings at issue before he examined the relevant records in preparation for his testimony, because "[g]aps in the chain of custody may be excused when circumstances provide reasonable assurances of the identity and unchanged condition of the evidence" (People v Hawkins, 11 NY3d 484, 494 [2008]).
The court providently exercised its discretion in denying defense counsel's request to redact from the recorded phone calls defendant's repeated use of profanity and an offensive racial term that applied to the racial identity of defendant himself and the other party to the conversation. Redacting these individual words from the recording would have disrupted the flow of conversation and lead to speculation by the jury as to these gaps. In any event, any error in this ruling was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230, 242 [1975]).
Defendant's claim of a mode of proceedings error as to two jury notes arises from a clerical error in the omission of the relevant portion of the transcript from the record. The supplemental record establishes that the court complied with People v O'Rama (78 NY2d 270 [1991]) as to both jury notes.
The record supports the court's determination that, notwithstanding a suppressed identification procedure, the victim had an independent source for his identification of defendant. The victim observed the two perpetrators with no obstructions for about three to five minutes, in a well-lit area (see People v Williams, 222 AD2d 149, 153 [1st Dept 1996], lv denied 88 NY2d 1072 [1996]), and "gave a detailed and accurate description of defendant" (People v Walker, 132 AD3d 568, 569 [1st Dept 2015], lv denied 27 NY3d 1008 [2016]). The victim deliberately established eye contact with the perpetrators during the robbery in an attempt to calm them and persuade them to leave (see Williams, 222 AD2d at 153). Moreover, the suppressed showup was conducted almost immediately after the robbery, providing no time for the victim's memory to fade (see id.).
As the People concede, the criminal use of a firearm count should be dismissed in the interest of justice because it was predicated on the same display of a firearm that supported the first-degree robbery conviction. We find that resentencing on the remaining convictions in light of the dismissal would be appropriate in this case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK