People v Garcia (2022 NY Slip Op 50377(U))

[*1]

People v Garcia (Antonio)

2022 NY Slip Op 50377(U) [75 Misc 3d 128(A)]

Decided on April 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2019-1020 S CR

The People of the State of New York,
Respondent,
against
Antonio Garcia, Also Known as Walter Blanco, Appellant.

Feldman & Feldman (Steven A. Feldman of counsel), for appellant.
Suffolk County District Attorney (Sharyn Gitter of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, First District (Pierce F.
Cohalan, J.), rendered May 30, 2019. The judgments convicted defendant, upon jury verdicts, of
driving while ability impaired and making an unsafe lane change, respectively, and imposed
sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in an information with common-law driving while intoxicated
(Vehicle and Traffic Law § 1192 [3]), and, in a simplified traffic information, with making
an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), among other charges which
were dismissed prior to trial. On April 2, 2019, defendant and his counsel signed an
Antommarchi waiver form just prior to the start of jury selection. The court asked
defendant whether he "agree[d] to waive your right to be personally present at the judge's bench
while any juror is questioned" and "to waive your right to be present at any conferences
concerning discussions of law," with the understanding "that this waiver may be revoked by you
at any time." Defendant answered in the affirmative. After questioning of the first panel of
prospective jurors was completed, the prosecutor and defense counsel had a sidebar conference
with the judge in chambers, but without defendant present. There, they selected jurors for the trial
and questioned [*2]a potential juror about his residency. The
entirety of the voir dire, other than this sidebar conference, was conducted in defendant's
presence.
The next day, April 3, 2019, defense counsel moved for a mistrial due to counsel's own
failure to request that defendant be allowed to be present at the sidebar conference. The court
denied the motion based upon defendant's oral and written waivers. The written waiver, which
defendant and his counsel signed, states, in relevant part: 
"I have been informed of, and understand, that I have the absolute right to be
present during all stages of proceedings in which I am a named defendant. I further understand
that this includes the right to be present at the bench or in chambers during conferences between
the Judge and counsel, including those where jurors or prospective jurors are
present.
After conferring with my attorney, I agree, in open court, to
waive my right to be present at all such conferences, unless I specifically request to be present on
the record."
Following the trial, the jury acquitted defendant of common-law
driving while intoxicated, but convicted him of the lesser-included charge of driving while ability
impaired (Vehicle and Traffic Law § 1192 [1]). The jury also convicted defendant of
making an unsafe lane change. Defendant was sentenced on May 30, 2019.
On appeal, defendant contests neither the validity of the written Antommarchi
waiver, nor the knowing, voluntary and intelligent nature of his written and verbal consent to so
waive. Rather, defendant re-submits his preserved complaint that the District Court should have
granted him a mistrial at his counsel's request. Defendant's
"contention that he was deprived of a fair trial . . . because he was not present at
sidebar conferences with prospective jurors is without merit. Before the [] trial, [] defendant
signed an Antommarchi waiver. He stated in open court that he understood that he was
giving up the right to be present during sidebar conferences with prospective jurors, and that he
was waiving that right knowingly and intelligently" (People v Croom, 171 AD3d 781, 782-783 [2019]; see People v Wilkins, 37 NY3d
371, 377-378 [2021] ["the statutory right to be present alongside defense counsel at a sidebar
conference can be waived by a voluntary, knowing and intelligent choice, and the waiver can be
either express or implied"] [internal quotation marks omitted]).
As "[n]othing
in the record calls into question the effectiveness of defendant's waiver" that "occurred in open
court in the presence of defendant" (People v Velasquez, 1 NY3d 44, 49-50 [2003]), defendant's sole
contention on appeal lacks merit.
Accordingly, the judgments of conviction are affirmed.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 28, 2022