People v Girard (2022 NY Slip Op 06645)

People v Girard

2022 NY Slip Op 06645

Decided on November 22, 2022

Appellate Division, First Department

Renwick, J.P. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Sallie Manzanet-Daniels Jeffrey K. Oing Peter H. Moulton Lizbeth González

Ind. No. 562/18 Appeal No. 16717 Case No. 2020-00038 

[*1]The People of the State of New York, Respondent,
v
Janac Girard Defendant-Appellant.

Defendant appeals from a judgment of Supreme Court, New York County (Juan M. Merchan, J.), rendered December 13, 2019, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first and second degrees, and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 15 years.

Robert S. Dean, Center for Appellate Litigation, New York (Allison Haupt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran and Patrick J. Hynes of counsel), for respondent.

Renwick, J.P. 

In this case, defendant is charged with attempted murder and assault based on a stabbing incident. At trial, defendant asserted a justification defense. The incident stemmed from a dispute over loud music emanating from defendant's apartment, which was below the victim's apartment. On appeal, defendant seeks a new trial based on, among other things, improper evidentiary rulings by the court and improper summation comments by the prosecution. Defendant also seeks a new trial based on the denial of his statutory right to be present during a sidebar conference between the court, prosecutor, and defense attorney regarding the justification defense. We conclude that defendant was denied his statutory right to be present during the sidebar conference regarding justification, and, therefore, need not address the remaining issues.
Procedural and Factual Background
Prior to the sidebar conference, defendant testified that, as a teenager, he suffered an incident that "changed the course of [his] life" in which his "heart started racing." The People objected to continued questioning about defendant's heart condition, arguing that it was being elicited solely for sympathy. Defense counsel argued that it was relevant to defendant's physical capabilities and perception of danger, and therefore spoke to his justification defense.
The parties initially debated the evidence at sidebar. The court questioned the propriety of the evidence, stating it was its "job to ensure there is not jury nullification." It dismissed the jury so it could hold a continued discussion regarding the evidence's admissibility. The judge asked counsel specifically, "put it clearly for me to help me understand how that health condition in any way plays into the facts of this case. How is it relevant and how is it not going to elicit sympathy?" Counsel began to answer then stopped and asked, "Judge, do you want to excuse my client for this argument?" The court responded, "Yeah, I think we should actually. Sir, would you mind stepping out?" Without hearing from defendant, a court officer said, "go ahead, sir. Step out. Follow me." The court officer directed "outside," and defendant was escorted out.
After both the defense counsel and the prosecutor elaborated on their arguments, there was a brief recess. After the recess, defendant was brought back into the
courtroom. The court started questioning defense [*2]counsel again about the "connection between the heart condition and the way [defendant] acted that day in his doorstep." The prosecutor interjected, "should we have the witness step out again for this?"
The court said, "any objection to having your client step out? Counsel said,
"Perhaps—is there a jury room? No? How about my law student takes him into the
hallway?" Defendant was again escorted out.
Immediately after defendant left, the court started asking counsel
fact-specific questions about the evidence: "how, if at all, will your client's heart
condition in any way add to the state of mind that already existed, which was that he
was outweighed by sixty pounds, many years and age and height? Please tell me." It asked whether defendant "was going to pass out and, therefore, he thought he was
was going to get killed, therefore, he had to kill first," or whether he would
testify that it entered his mind when he used the knife that he had this heart
condition. Counsel then explained the nature of defendant's heart condition, including that it was "serious" and "when his heart beats quickly, he passes out," although "[i]t's not the kind of heart disease that causes sudden death" and defendant was not receiving any treatment for it. Counsel also attempted to tie that condition to defendant's perception of the interaction with the stabbing victim and the panic he experienced as a result but admitted that she did not know exactly what defendant would say on the stand, as it was "not my practice to prepare somebody so they repeat a rote kind of script." The court ruled that testimony regarding the heart condition could not come in unless and until defendant gave testimony establishing a connection between the condition and the interaction with the victim. Defendant then returned to the courtroom and to the stand.
The jury convicted defendant of attempted murder in the second degree, assault in the first and second degrees, and criminal possession of a weapon in the fourth degree. This appeal ensued. For the reasons explained below, we now grant a new trial.
Discussion
Pursuant to CPL 260.20, a criminal defendant has a statutory right to be present at all material stages of a trial, including ancillary proceedings, when he may have something valuable to contribute or when his presence would have a substantial effect on the ability to defend against the charges (see People v Fabricio, 3 NY3d 402 [2004]; People v Roman, 88 NY2d 18, 25-26 [1996]; People v Spotford, 85 NY2d 593 [1995]). A key consideration in determining whether a defendant's presence would be useful or would affect his ability to defend is whether the proceeding "involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (People v Dokes, 79 NY2d 656, 660 [1992]; see also People v Douglas, 29 AD3d 47 [1st Dept 2006], lv denied 6 NY3d 847 [2006]).
In this case, the subject [*3]of the instant sidebar conference clearly implicated defendant's peculiar factual knowledge such that his participation might have assisted him in advancing his justification defense to the murder and assault counts. The subject of the conference was whether defendant would be permitted to testify as to a medical (heart) condition with regard to his justification defense. During the sidebar conference the court repeatedly implored defense counsel to explain how defendant's serious medical condition impacted his assessment of his physical safety. Defendant's presence at the sidebar conference would have afforded him an opportunity to apprise the court, defense counsel and prosecutor of the exact details of his heart condition in order to demonstrate that it affected his assessment of the circumstances he was confronted with prior to the stabbing incident (see People v Spotford, 85 NY2d at 596-597; People v Douglas, 29 AD3d at 52-53).
While not disputing that the subject sidebar conference was the type of ancillary proceeding that triggered defendant's right to be present, the prosecutor argues that such right was not violated because "he was present for a significant part of the discussion between the court and the parties about his heart condition." Contrary to the People's claim, defendant was absent for the vast majority of the discussion, which included discussion of facts and not just law — many of which had not previously been discussed in defendant's presence. This is thus not a case, like People v Liggins (19 AD3d 324, 325 [1st Dept 2005], lv denied 5 NY3d 853 [2005]), on which the People rely, in which the defendant's presence during "the initial segment of these proceedings provided him with the opportunity for meaningful input." Nor do we find sufficient to remedy the violation the fact that defendant was ultimately called back to the stand to continue his direct testimony, since he was never informed of the nature or resolution of the issues discussed (cf. People v Robinson, 239 AD2d 258, 260-261 [1st Dept 1997] [after sidebar not attended by the defendant, the court advised counsel to tell the defendant what had occurred]).
Alternatively, the People argue that defendant waived his right to be present at the sidebar conference. Although the right to be present at a sidebar conference need not be preserved by an objection (see People v Dokes, 79 NY2d at 662), the right may be waived. Such right may be waived either explicitly or implicitly by defendant (People v Flinn, 22 NY3d 599 [2014]; People v Velazquez, 1 NY3d 44, 49-50 [2003]; People v Keen, 94 NY2d 533, 538-539 [2000]). An implicit waiver occurs when a defendant is consciously aware of his right to be present and does not exercise such right. In other words, a defendant by his conduct voluntarily relinquishes his right to be present and thus gives up appellate review of the issue (see People v Flinn, 22 NY3d at 602). An explicit waiver of defendant's right to be present occurs [*4]when a defendant either personally or through his counsel makes an affirmative statement on the record to the effect that he is waving such right, that is, that he does not wish to attend the sidebar conference (see People v Velazquez, 1 NY3d at 47-50; People v Keen, 94 NY2d at 538-539).
We conclude that, under the circumstances of this case, defendant did not waive the right to be present at the sidebar conference. Contrary to the People's assertion, defendant did not personally waive his right to be present either explicitly or implicitly. At no time did defendant make an affirmative statement on the record that he did not wish to attend the side bar conference. And no one ever asked him directly. On the contrary, at the two relevant occasions, he was commanded to leave the courtroom so that the sidebar conference could take place in his absence. Nor did he implicitly waive the right to be present at the sidebar conference. Indeed, at no time was defendant made aware that he had the right to be present at the sidebar conference (see People v McAdams, 22 AD3d 885 [2d Dept 2005] [No implicit waiver occurred because neither the court nor defense counsel advised defendant of his right to be present at the sidebar conference]); cf. People v Flinn, 22 NY3d at 601-602 ["Defendant waived his . . . right
. . .implicitly when, after hearing the trial judge say that he was 'welcome to attend' the bench conferences, he chose not to do so."]). Thus, by his conduct defendant never voluntarily relinquished his right to be present.
We reject the People's argument that defendant through his counsel explicitly waived his right to be present at the sidebar conference. At no time did the court ask defense counsel whether defendant was waiving his right to be present at the sidebar conference. Nor did counsel otherwise make an affirmative statement on the record to the effect that defendant was waiving such right or that he did not wish to attend the sidebar conference. On the record before this Court, the evidence concerning an alleged waiver consists of defense counsel asking the court whether it wanted to excuse the defendant for the argument and the court, during further arguments, asking counsel whether there was an objection to defendant stepping out again so that the resumed sidebar conference could be conducted in his absence.
While acknowledging the lack of an express statement by defense counsel that his client was waiving his right to be present at the sidebar conference, the People contend that such waiver may be "inferred" from counsel's expression of lack of objection of the removal of his client from the court. This argument is unavailing. In our view, in the absence of any record discussion by the court with counsel and the prosecutor regarding defendant's right to be present at the sidebar conference, defense counsel's expression of lack of objection to his client absence from the sidebar conference is not an affirmative statement by counsel confirming [*5]that defendant himself was waiving his right to be present at the sidebar conference, and it was thus insufficient to establish that defendant waived such rights concerning the sidebar conference (see People v Geddis, 173 AD3d 1724, 1726 [4th Dept 2019] ["[W]ith counsel simply stating to the court, 'I'm okay with [his absence ]', we perceive no basis to conclude" that defendant waived his right to be present at a sidebar conference during questioning of prospective juror]).
We recognize that, because the right to be present at a sidebar conference is statutory, not constitutional, the Court of Appeals has been more flexible regarding the acceptable forms of voluntary waivers by defendants and their lawyers (see People v Velazquez, 1 NY3d at 47-50; People v Keen, 94 NY2d at 538-539). Accordingly, the courts need not engage in any "pro forma inquisition in each case," "to ensure the requisite voluntary and intelligent nature of the waiver" (Velazquez, at 49 [internal quotation marks omitted]). However, the Court of Appeals has never obviated the requirement that an explicit waiver by defendant through his counsel must be done by an affirmative statement on the record to the effect that defendant himself is waving such right (see People v Flinn, 22 NY3d at 602; People v Velazquez, 1 NY3d at 47-50; People v Keen, 94 NY2d at 538-539). Instead, only when an express waiver by counsel, on a client's behalf, takes place is a presumption of regularity to a waiver of the right to be present triggered.
Indeed, the flexible approach to waiving a defendant's statutory right to be present at an ancillary proceeding, like a sidebar conference, is based on "the premise
. . .that a lawyer may be trusted to explain rights to his or her client and [then] to report to the court the result of that discussion" (People v Flinn, 22 NY3d at 602; see also People v Velasquez, 1 NY3d at 47—50; People v Keen, 94 NY2d at 538—539). Accordingly, such a flexible approach can only be triggered by an explicit and affirmative communication to the court that the defendant has indeed waived his right to be present. While it is a defendant's burden to refute the presumption of regularity that attaches to an express waiver of the right to be present, it is the prosecutor's burden in the first place to establish that the presumption of regularity was triggered by an express waiver of the right to be present. Thus, a statement by counsel that does not unequivocally and categorically apprise the court that defendant was waiving his right to be present at a sidebar conference cannot be deemed to be a waiver of a defendant's right.
In sum, because the sidebar conference regarding defendant's proposed testimony in support of his justification defense was a material stage of the trial, his exclusion therefrom was error and requires vacatur of his convictions and a new trial (People v Dokes, 79 NY2d at 662).
Accordingly, the judgment of Supreme Court, New York County (Juan M. Merchan[*6], J.), rendered December 13, 2019, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first and second degrees, and criminal possession of a weapon in the fourth degree, and sentencing him to an
aggregate term of 15 years, should be reversed, on the law, and the matter remanded for
a new trial.
Judgment Supreme Court, New York County (Juan M. Merchan, J.), rendered December 13, 2019, reversed, on the law, and the matter remanded for a new trial.
Opinion by Renwick, J.P. All concur.
Renwick, J.P., Manzanet-Daniels, Oing, Moulton, González, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022